BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>   vs.<br><br>SALVADOR ENRIQUE GARCIA-ALVARADO,<br><br>         Defendant. | Case No. 2:25-mj-00260-DKG<br><br>**MOTION FOR DETENTION** |

Pursuant to 18 U.S.C. § 3142(b), (e) and (f), the United States requests the Court grant a detention hearing to be held after a continuance of three days to allow U.S. Probation to investigate and file a bail report. This will also allow the parties time to discuss the case and collect information to present to the Court. A three-day delay will not unduly penalize the Defendant as he is also in administrative detention with Homeland Security and will be detained pending deportation. His custody status will not change. This motion is filed to explain why a detention hearing is warranted.

### Statement of the Case

On or about September 14, 2021, the Defendant, Salvador Enrique Garcia-Alvarado was lawfully admitted into the United States in Phoenix, Arizona on a B2 visitor visa with

MOTION FOR DETENTION - 1

authorization to stay in the United States for a temporary period not to exceed March 13, 2022. It was a six-month visitor visa. Within a few weeks of arriving in the United States the Defendant purchased a legal permanent resident card (LPR) from Facebook Messenger for $80.00 in U.S. currency. He received this fraudulent LPR through the U.S. mail. He then purchased a false driver's license for which he paid $120.00 in U.S. currency.



The fraudulent LPR the Defendant purchased.

On October 1, 2025, three and half years after his visa expired, the Defendant was the driver of a dump truck which was pulling a dump trailer. An Idaho State Police Specialist pulled the dump truck over for various violations including the fact that the brake lights, turn signals and taillights on the rear of the trailer were not working. An inspection of the vehicle resulted in other violations being found such as the load of 250 gallons of epoxy was not secured and the driver was unable to speak in English. After another civilian individual translated, the Defendant presented a driver's license card identifying him as Ruben Alvardo.

MOTION FOR DETENTION - 2



Fraudulent driver's license.

The Idaho State Police requested assistance from U.S. Border Patrol who responded to the scene. The U.S. Border Patrol agent spoke to the Defendant in Spanish and learned the Defendant was a citizen and national of Mexico who did not provide any documentation that would allow him to enter, pass through, or reside in the United States legally. The defendant was administratively taken into custody. A search and inventory were made and the fraudulent LPR card was found in his wallet. Documents which showed his true identity were found in his sock.

MOTION FOR DETENTION - 3





Documents found in Defendant's sock with his true identity.

MOTION FOR DETENTION - 4

At the jail the Defendant's fingerprints were submitted and it was confirmed he was in the country illegally. On October 2, 2025, a U.S. Border Patrol Intelligence Agent advised the Defendant of his rights. The Defendant waived those rights and told the agent he had purchased the LPR card off Facebook for $80.00 and it was not real. He also stated he purchased the driver's license for $120.00 off Facebook and that it was also false. He admitted that Ruben Alvarado was a fake name, and his true name was Salvador Enrique Garcia-Alvarado. He confirmed he was a citizen of Mexico and was in the United States illegally.

On October 9, 2025, U.S. Magistrate Judge Grasham found probable cause and signed a criminal complaint charging the Defendant with Possession of Fraudulent Documents in violation of 18 U.S.C. § 1346. On October 10, 2025, the warrant was served on the Defendant, and he was placed under arrest on those charges.

## Bail Reform Act and the Factual Background

In 1984, Congress enacted the Bail Reform Act, 18 U.S.C. § 3141, *et seq.* A detention hearing is authorized for defendants who have committed certain federal crimes outlined in 18 U.S.C.§ 3142(f)(1). The Court shall hold a detention hearing on motion of the United States or judicial officer's own motion in a case that involves a serious risk that the defendant will flee or a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure or intimate, or attempt to threaten, injure, or intimidate, a prospective witness or juror pursuant to 18 U.S.C. § 3142(f)(2).

The offense charged is not one of the enumerated offenses pursuant 18 U.S. C. § 3142(f)(1). Therefore, the United States must establish either by a preponderance of the evidence that no condition or combination of conditions will reasonably assure a defendant's appearance or by clear and convincing evidence that that they will obstruct or attempt to obstruct justice and be a danger to the community. See *United States v. Motamedi*, 767 F. 2d 1403, 1407

(9th Cir. 1985), *United States v. Hir,* 517 F. 3d 1081, 1086 (9th Cir. 2008), 18 U.S.C. § 3142(2)(A)(B).

### The Court Should Grant a Detention Hearing

The Defendant was arrested because he was driving a commercial vehicle without proper safety equipment and procedures. He then lied to local law enforcement about his identity. Additionally, within a few weeks of legally being in the United States he was paying for and securing false documentation. He presumably used that false documentation over the course of three and half years. Additionally, he appears to have no ties to the community. The bar to grant a detention hearing is low given the burden of proof at the hearing is a preponderance of the evidence standard for assurance of a defendant's appearance. *Motamedi* at 1407.

While this is not an unlawful entry case pursuant to 8 U.S.C. § 1326, the United States believes the non-exhaustive list of primary factors found *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015) can still be instructive. These factors include "violation of the terms of [a defendant's] supervised release, [a defendant's] multiple unlawful entries into the United States, [a defendant's] prior failure to appear when required in state court, [a defendant's] use and possession of fraudulent identity documents, and the severity of the potential punishment and the weight of the evidence against [a defendant]." *Santos-Flores*, 794 F.3d at 1092. In this case the Defendant used and possessed fraudulent identity documents, if convicted he faces a sentence of 10 years imprisonment and the weight of the evidence against the defendant is strong.

The United States is requesting the Court grant a detention hearing to be held after U.S. Probation has had an opportunity to prepare a proper bail report. In the time between the initial appearance and the detention hearing the Defendant will have time to meet with counsel to

MOTION FOR DETENTION - 6

discuss if he wishes to waive detention and expediate a plea and sentence. The Government will have time to gather additional information.

    If the Court grants the Government's motion for a detention hearing and brief continuance the Court will have a bail report, and the Government will present evidence and argument regarding the 18 U.S.C. § 3142(g) factors. After a hearing the Court can determine if the Government has met its burden on detention or if there are conditions to assure the Defendant's appearance, as well as ensure the safety to the community.

    Respectfully submitted this 14th day of October, 2025.

                                  BART M. DAVIS
                                  UNITED STATES ATTORNEY
                                  By:


                                  *s/ Traci J. Whelan*
                                  TRACI J. WHELAN
                                  Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2025, the foregoing **MOTION FOR DETENTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| Attorney to be appointed | ☒ ECF filing |
|---|---|

*s/ Annie Williams*
Legal Assistant